IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TERRELL LAMAR RANEY,            )
Register No. 103004,            )
                                )
                Plaintiff,      )
                                )
        v.                      )       No. 05-4286-CV-C-NKL
                                )
JOHN MOTEL,                     )
                                )
                Defendant.      )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In his complaint, plaintiff Terrell Raney asserts that defendant John Motel denied him due process of the law when he placed plaintiff on special security order status following an altercation in the administrative segregation unit. Plaintiff states he was given a conduct violation for assault on an inmate and also placed in a "totally empty cell, stripped of all clothing, hygiene, bedding, etc." He indicates he was given a departmental-approved paper gown and had to sleep on a concrete slab. He remained on that status from March 24 until April 4, 2005.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause

is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, plaintiff asserts his assignment to a strip cell for a period of ten days, without hygiene supplies, a mattress, or clothing other than a paper gown, violated his constitutional rights. Although these allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

On September 8, 2005, plaintiff filed a motion for preliminary injunctive relief directing Dave Dormire and the Missouri Department of Corrections to take action to transfer him to another appropriate level 5 facility. In support of his request, plaintiff states the functional unit manager is opening his privileged legal mail and harassed him for asserting his constitutional rights. Additionally, he states a guard told him to watch his back and not leave his cell unless it was necessary.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance

of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994).

Here, plaintiff seeks relief from an individual and an entity who are not parties to this lawsuit. His request is not directly related to the events and circumstances giving rise to this lawsuit and plaintiff has not indicated that he has used the institutional procedures in an attempt to address the issues in his motion for preliminary relief.

Accordingly, a preliminary injunction is not currently warranted.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $17.91[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve

---

[1]The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

3

days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $17.91 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's motion of September 8, 2005, for a preliminary injunction be denied [7].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 12th day of October, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

5