IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TERRELL LAMAR RANEY, ) | | |
| Register No. 103004, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4286-CV-C-NKL | |
| ) | | |
| JOHN MOTEL, ) | | |
| ) | | |
| Defendant. ) | | |

## REPORT AND RECOMMENDATION

Plaintiff Terrell Lamar Raney, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On April 18, 2006, defendant John Motel filed a motion for summary judgment. Plaintiff filed a response on May 5, 2006, and defendant subsequently filed a reply on May 11, 2006.

Defendant argues in support of summary judgment that plaintiff was provided with all the process he was due with respect to the conduct violation he received for fighting, and his assignment to special security status from March 24 until April 4, 2005. Defendant further argues that the conditions of special security status do not violate the Eighth Amendment, and are constitutional.

In support of his claims, plaintiff states that the conduct violation he received and his subsequent assignment to special security status deprived him of his liberty without due process of law. Plaintiff argues that he is not challenging defendant's violations of due process as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), but rather is challenging defendant's failure to follow institutional policy and procedure. Plaintiff states he has a liberty interest in prison policy and procedure with regard to the conduct violation issued to him. Plaintiff challenges that the conduct violation should not have been issued. Plaintiff further states the conditions of

special security status, which deprived him of a mattress and blanket for three days, clothing (other than a paper gown) for four days, and which resulted in his loss of telephone privileges, canteen food, and being demoted from phase 2 of administrative segregation to Secure Housing Unit 8, posed an atypical hardship, violated his liberty and were unconstitutional.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

*Due Process*

Plaintiff's statements asserting that defendant did not follow the directives set forth in prison policy and procedure in the issuance of the conduct violation against him do not set forth a claim of denial of constitutional due process. Despite plaintiff's assertion, there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Any liberty interest must be an interest in the nature of the prisoner's confinement, not an interest in the procedures

by which the state believes it can best determine how he should be confined.  Id.  In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life.  Id.  We do not consider the procedures used to confine the inmate in segregation.  Id.  The Eighth Circuit has consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.  Id.  Thus, in order for Raney to assert a liberty interest, he must show some difference between his new conditions in special security status and the conditions in the general population amounting to an atypical and significant hardship.  However, even assuming that plaintiff has a liberty interest in not being assigned to special security status, plaintiff concedes he is not challenging denial of constitutionally adequate procedures.  Rather, plaintiff's only claim is failure to follow prison policy/regulation directives as to determining whether issuance of an assault conduct violation is proper.  Plaintiff has failed to come forward with any evidence that his constitutional due process rights were violated.

*Eighth Amendment*

Plaintiff has also come forward with no evidence that his assignment to a special security status cell was in violation of the Eighth Amendment.  Plaintiff's allegations fail to provide that his assignment to segregation was punishment that involved the "unnecessary and wanton infliction of pain" and was "grossly out of proportion to the severity of the crime."  Gregg v. Georgia, 428 U.S. 153 (1976).  Conditions are not cruel and unusual merely because they are harsh or uncomfortable.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . ."  Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, a prison official must have a sufficiently culpable state of mind, such that they were subjectively deliberately indifferent to the prisoner's health or safety.  Id.; see also Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995).  Therefore, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Conditions of confinement claims are actionable when a prisoner is confined in conditions which pose a

3

Case 2:05-cv-04286-NKL   Document 63   Filed 08/17/06   Page 3 of 5

substantial risk of serious harm or is being denied the minimal civilized measure of life's necessities. Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998).

In applying the standards set forth in Farmer v. Brennan, the court finds that plaintiff has failed to provide evidence that his eleven-day assignment to special security status posed a substantial risk of serious harm or that he was denied the minimal civilized basic life necessities. There is no absolute Eighth Amendment right not to be put in a cell without clothes or bedding. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995). "Prison officials do not violate the Eighth Amendment by placing an prisoner in a strip cell unless they deny the inmate 'the minimal civilized measure of life's necessities,' and knowingly disregard an excessive risk to the inmate's health or safety created by such a deprivation." Id. at 446 (citing Farmer, 511 U.S. 825, ___. 114 S. Ct. 1977, 1979). The evidence does not provide that plaintiff was denied food or shelter, the basics of life's necessities. Further, the undisputed evidence is that plaintiff's mattress and blanket were returned to him within three days of being assigned to special security status, his hygiene supplies within four days; and his bedding within five days. The Eighth Circuit has held that conditions of confinement which may be intolerable, can be tolerable when a prisoner is subjected to such conditions for only a short time. Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only 24 hours); White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993) (eleven-day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies). Here, the undisputed evidence is that plaintiff was confined for only eleven days in special security status, during which time he was denied his mattress, blanket, clothes and hygiene supplies for just a few days.

Even if special security status assignment caused plaintiff to feel stiff and sore from sleeping on the floor; caused him to have a cold; and caused his cuts and bruises to fester (which were the result of the fight/assault altercation that determined plaintiff's placement in special security status), as plaintiff states, such evidence does not provide that these conditions posed an excessive risk to his health or safety. Rather, such evidence indicates that plaintiff may have felt some discomfort, but not that the conditions of his confinement were unconstitutional. The Eighth Circuit has found similar, if not more, conditions of confinement as not violating the Eighth Amendment. See O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 83-84 (8th Cir.

4

1996) (several days without underwear, blankets, mattress, exercise or visits not in violation of Eighth Amendment); Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995) (prisoner placed in segregation cell without clothes, running water, hygiene supplies, mattress, and legal mail for a period of four days was not deprived of the minimal civilized measure of life's necessities).

**Conclusion**

There is no dispute of material fact as to the claims in this case. Any facts that are in dispute are not material to plaintiff's claims against defendant. Upon review, plaintiff has failed to provide evidence that he was denied due process or that defendant violated his Eighth Amendment rights. Defendant is entitled to judgment as a matter of law. No reasonable jury could find that plaintiff's due process or Eighth Amendment rights were violated when defendant issued plaintiff a conduct violation, and plaintiff was subsequently assigned to special security status for eleven days.

IT IS, THEREFORE, RECOMMENDED that defendant John Motel's motion for summary judgment be granted and plaintiff's complaint be dismissed [53].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 17th day of August, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5